Turley, J.
delivered the opinion of the court.
This is an action of ejectment, in which the lessor of the, *47 plaintiff in ejectment claims title by virtue of a grant from the state of Tennessee to Peter Toel, No; 2699, bearing date 8th day of January, 1835, for seven hundred and fifty acres of land. This grant covers the premises in dispute. Defendant claims title under a deed of conveyance from one Elijah Billings, which purports to convey to him one hundred and eighty-two and three fourths acres of land, the same being the equal undivided fourth part of the land granted as above to Peter Toel, it being the locator’s interest therein, and purchased by Billings from M. H. Howard, the locator, from whom a bond for title was taken. This deed bears date the 9th day of December, 1834. Billings, under his purchase from Howard, took possession of the whole tract granted to Toel, and held the same jointly for himself and Toel, and he put the defendant Hopkins into possession in the same way, who has continued in possession up to the time of bringing this suit, which was the second Monday in February, 1842, a period of more than seven years.
At the March term, 1837, of the circuit court of Gibson county, JohnHopkins, the defendant in ejectment, filed his petition, alledging that he was the owner of the one undivided fourth part of said tract of land, and the heirs of Peter Toel of the balance, and asking to have the same laid off to him in severalty, which was done by metes and bounds, under a commission issued by order of said court upon said petition on the 22d day of June, 1837. On the 6th day of July, 1840, Hopkins purchased the tract of land at a tax sale, and took a sheriff’s deed for the same. This sale was made upon a report which is not made according to law. Upon the trial, the court charged the jury, “that inasmuch as the defendant had produced no conveyance from Toel’s heirs for the locator’s interest, that though he had an equitable title, yet he could not avail himself of it on this trial; and the circumstance of the circuit court having-recited in the decree of partition, that it appeared to the satisfaction of the court that the defendant was entitled to a portion of the land in fee simple, could not avail him,” and that he acquired no title by virtue of the sheriff’s deed upon the tax sale.
A verdict and judgment were rendered for the lessor of plaintiff, upon which defendant prosecutes his writ of error. That *48 the defendant acquired no title by the partition made by the order of the circuit court of Gibson county, is very clear. A partition can only be made between joint owners in a legal right, and not equitable. A locative interest is an equitable, and not a legal right; and by the act of 1829, ch. 84, (page 113 of Hay. & Cobbs), locators of land south and west of the congressional reservation line may file their bills in chancery against the owners' of land located, to have their locative interest decreed to them: when this is done, their legal right accrues, and then, and not till then, (unless it be conveyed without suit,) can they appty for partition under our statutes. The defendant does not occupy this position, and therefore has acquired no right to any portion of the disputed premises which can be noticed in an action of ejectment. That the sale for taxes and the deed of conveyance thereon are void, is not controverted, and cannot be. That the defendant’s possession cannot avail him, is equally certain; for it cannot be pretended to have been adverse to the plaintiff’s right, until the partition was made, which was in 1837; and the suit being brought in 1842, seven years did not elapse; so the statute of limitations is no bar.
Upon the whole, we are of opinion, that the defendant is without defence in the action, and has no remedy but in a court of chancery. Judgment affirmed.